| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF WINONA | THIRD JUDICIAL DISTRICT |

Case Type: Property Damage

| | | |
|---|---|---|
| Northern Meat Products, Inc. f/k/a North Star Foods Inc., | | Court File No. |
| | Plaintiff, | **ANSWER** |
| v. | | |
| Marshall W. Nelson & Associates and Flynn Burner Corporation, | | **(JURY TRIAL DEMANDED)** |
| | Defendants. | |

Defendant Flynn Burner Corporation, for its Answer to Plaintiff Northern Meat Products, Inc., formerly known as North Star Foods, Inc.'s, Complaint, state as follows:

1. Defendant denies each and every allegation, matter, and thing contained in Plaintiff's Complaint, except as hereinafter expressly admitted, alleged, or qualified.

## INTRODUCTION

2. Defendant is without sufficient information to either admit or deny the allegations in paragraph 1 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.

3. Defendant admits that an April 17, 2009, fire caused damage to Plaintiff's processing facility. Defendant is without sufficient information to either admit or deny the remaining allegations in paragraph 2 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.


EXHIBIT B

4. Defendant is without sufficient information to either admit or deny the allegations in paragraph 3 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.

## THE PARTIES

5. Defendant is without sufficient information to either admit or deny the allegations in paragraph 4 of Plaintiff's Complaint.

6. Defendant is without sufficient information to either admit or deny the allegations in paragraph 5 of Plaintiff's Complaint.

7. Defendant admits the allegations in paragraph 6 of Plaintiff's Complaint.

## VENUE

8. Defendant admits the allegations in paragraph 7 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

9. Defendant admits that North Star Foods was in the meat-processing business and operated a meat processing facility in St. Charles, Minnesota. Defendant is without sufficient information to either admit or deny the remaining allegations in paragraph 8 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.

10. Defendant is without sufficient information to either admit or deny the allegations in paragraph 9 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.

11. Defendant is without sufficient information to either admit or deny the allegations in paragraph 10 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.

12. Defendant is without sufficient information to either admit or deny the allegations in paragraph 11 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.

13. Defendant is without sufficient information to either admit or deny the allegations in paragraph 12 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.

14. Defendant admits that it visited North Star's facility along with Plaintiff and Marshall Nelson & Associates. A consensus was reached to install Flynn burners. Defendant denies the remaining allegations in paragraph 13 of Plaintiff's Complaint and puts Plaintiff to its strict burden of proving the same.

15. Defendant admits that Plaintiff purchased and installed Flynn burners. The remaining allegations in paragraph 14 call for a legal conclusion to which no response is required. To the extent that this paragraph states other allegations against this answering Defendant, those allegations are denied and Defendant puts Plaintiff to its strict burden of proving the same.

16. Defendant is without sufficient information to either admit or deny the allegations in paragraph 15 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.

17. Defendant is without sufficient information to either admit or deny the allegations in paragraph 16 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.

18. Defendant is without sufficient information to either admit or deny the allegations in paragraph 17 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.

19. Defendant is without sufficient information to either admit or deny the allegations in paragraph 18 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.

20. Defendant denies the allegations in paragraph 19 of Plaintiff's Complaint.

## COUNT I
### (Negligence)

21. Defendant realleges paragraphs 1-20 as if set forth fully herein.

22. Paragraph 21 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent that this paragraph states allegations against this answering Defendant, those allegations are denied and Defendant puts Plaintiff to its strict burden of proving the same.

23. Paragraph 22 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent that this paragraph states allegations against this answering Defendant, those allegations are denied and Defendant puts Plaintiff to its strict burden of proving the same.

24. Paragraph 23 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent that this paragraph states allegations against this answering Defendant, those allegations are denied and Defendant puts Plaintiff to its strict burden of proving the same.

25. Defendant is without sufficient information to either admit or deny the allegations against Marshall Nelson & Associates in paragraph 24 of Plaintiff's Complaint, and therefore

denies the allegations and puts Plaintiff to its strict burden of proving the same. Defendant denies that the Flynn burners were defective and unreasonably dangerous when they left Flynn's control and puts Plaintiff to its strict burden of proving the same.

26. Defendant denies the allegations in paragraph 25 of Plaintiff's Complaint and puts Plaintiff to its strict burden of proving the same.

27. Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint and puts Plaintiff to its strict burden of proving the same.

## COUNT II
### (Strict Liability)

28. Defendant realleges paragraphs 1-27 as if set forth fully herein.

29. Defendant admits the allegations in paragraph 28 of Plaintiff's Complaint.

30. Defendant admits that it is in the business of selling and/or distributing burners. Defendant is without sufficient information to either admit or deny the remaining allegations in paragraph 29 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.

31. Defendant is without sufficient information to either admit or deny the allegations in paragraph 30 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.

32. Defendant admits the allegations in paragraph 31 of Plaintiff's Complaint.

33. Defendant is without sufficient information to either admit or deny the allegations in paragraph 32 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.

34. Defendant is without sufficient information to either admit or deny the allegations in paragraph 33 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.

35. Paragraph 34 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent that this paragraph states allegations against this answering Defendant, those allegations are denied and Defendant puts Plaintiff to its strict burden of proving the same.

36. Defendant is without sufficient information to either admit or deny the allegations in paragraph 35 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.

37. Defendant denies that it breached any duty and puts Plaintiff to its strict burden of proving the same. Defendant is without sufficient information to either admit or deny the remaining allegations in paragraph 36 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.

38. Defendant denies the allegations in paragraph 37 of Plaintiff's Complaint.

39. Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint.

### COUNT III
### (Breach of Express Warranty)

40. Defendant realleges paragraphs 1-39 as if set forth fully herein.

41. Defendant admits that it sells burners. The remainder of Paragraph 40 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent that this paragraph states other allegations against this answering Defendant, those allegations are denied and Defendant and puts Plaintiff to its strict burden of proving the same.

42. Defendant admits that it visited North Star's facility along with Plaintiff and Marshall Nelson & Associates as alleged in paragraph 41 of Plaintiff's Complaint.

43. Defendant admits that it visited North Star's facility along with Plaintiff and Marshall Nelson & Associates. A consensus was reached to install Flynn burners. Defendant denies the remaining allegations in paragraph 42 of Plaintiff's Complaint and puts Plaintiff to its strict burden of proving the same.

44. Defendant is without sufficient information to either admit or deny the allegations in paragraph 43 of Plaintiff's Complaint, and therefore denies the allegations and puts Plaintiff to its strict burden of proving the same.

45. Defendant denies the allegations in paragraph 44 of Plaintiff's Complaint.

46. Defendant denies the allegations in paragraph 45 of Plaintiff's Complaint.

47. Defendant denies the allegations in paragraph 46 of Plaintiff's Complaint.

48. Defendant denies the allegations in paragraph 47 of Plaintiff's Complaint.

49. Defendant denies the allegations in paragraph 48 of Plaintiff's Complaint.

50. Defendant denies the allegations in paragraph 49 of Plaintiff's Complaint.

## COUNT IV
### (Breach of Implied Warranty)

51. Defendant realleges paragraphs 1-50 as if set forth fully herein.

52. Defendant denies the allegations in paragraph 51 of Plaintiff's Complaint.

53. Defendant denies the allegations in paragraph 52 of Plaintiff's Complaint.

54. Defendant denies the allegations in paragraph 53 of Plaintiff's Complaint.

55. Defendant denies the allegations in paragraph 54 of Plaintiff's Complaint.

56. Defendant denies the allegations in paragraph 55 of Plaintiff's Complaint.

57. Defendant denies the allegations in paragraph 56 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Defendants state and allege for their affirmative defenses to Plaintiff's First Amended Complaint:

58. Plaintiff's Complaint fails to state claims upon which relief can be granted.

59. Plaintiff's claims are barred by the applicable statutes of limitations and/or repose.

60. Plaintiff's claims are barred because Plaintiff misused the burners.

61. Plaintiff has failed to mitigate the harm and/or damages sustained.

62. Plaintiff is not the real or proper party in interest.

63. Any damages alleged by Plaintiff were caused by or contributed to by Plaintiff's own actions or the actions of those other than this answering Defendant and over whom this answering Defendant had no control.

64. Any damages alleged by Plaintiff are speculative.

65. Plaintiff's claims are barred by the principles of comparative fault pursuant to Minnesota Statutes section 604.01 in that Plaintiff's comparative fault is a bar to its claim for damages or acts to reduce its claim in proportion to its fault.

66. Plaintiff cannot establish that the burners caused the subject fire and resulting damages.

67. Plaintiff's claims are barred because Plaintiff was a sophisticated user.

68. Plaintiff's claims are barred as against this answering Defendant because Marshall Nelson & Associates was a sophisticated intermediary.

69. Plaintiff's claims are barred because Plaintiff was responsible for installing, inspecting, operating, and maintaining the system, which was under Plaintiff's exclusive control.

70. Defendant adopts and incorporates by reference any affirmative defenses asserted by other defendants or third-party defendants to this action to the extent that such affirmative defenses apply to these answering Defendants.

71. Defendant specifically reserves the right to present other and further defenses after further discovery and investigation herein.

## JURY DEMAND

Pursuant to Rule 38.01 of the Minnesota Rules of Civil Procedure, Defendant hereby restates its demand for a trial by jury, composed of the maximum number of jurors allowed by law, on all of the issues in this case.

**WHEREFORE,** Defendant prays for judgment as follows:

1. Dismissal of Plaintiff's Complaint with prejudice and on the merits;

2. Awarding Defendant its costs, disbursements, and attorney fees; and

3. For such further relief as the Court deems just, proper, and equitable.

Dated: 6/16/2010

*[signature]*
Michael D. Hutchens #167812
Lenae M. Pederson #312824
Joshua A. Iverson #033277X
John E. Radmer #0386973
MEAGHER & GEER, P.L.L.P.
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
(612) 338-0661

*Attorneys for Defendant*
*Flynn Burner Corporation*

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted.

Dated: 6/16/2010

_____
Michael D. Hutchens #167812
Lenae M. Pederson #312824
Joshua A. Iverson #033277X
John E. Radmer #0386973