STATE OF MINNESOTA

COUNTY OF WINONA

DISTRICT COURT

THIRD JUDICIAL DISTRICT

Type of Case: Property Damage

Court File No.

Northern Meat Products, Inc., f/k/a North
Star Foods, Inc.,

Plaintiff,

vs.

Marshall W. Nelson & Associates and
Flynn Burner Corporation,

Defendant.

**DEFENDANT MARSHALL W. NELSON &
ASSOCIATES' ANSWER TO PLAINTIFF'S
COMPLAINT**

Defendant Marshall W. Nelson & Associates ("Marshall Nelson"), for its Answer

to the Complaint of Plaintiff, states and alleges as follows:

1.    Deny each and every allegation of Plaintiff's Complaint except as

hereinafter stated, qualified or admitted.

2.    Allege that Marshall Nelson is without sufficient knowledge or information

to form a belief as to the truth or accuracy of the allegations contained in Paragraph 1 of

Plaintiff's Complaint and, therefore, denies same and places Plaintiff to its strict proof

thereof.

3    Admit that on April 17, 2009 a fire occurred at the North Star Foods

("North Star") processing facility in St. Charles, Minnesota.  Further admit that Marshall

Nelson performed certain service work in connection with the highlighter oven and that

Marshall Nelson dispatched a service technician to North Star Foods' processing facility

on April 17, 2009. Marshall Nelson specifically denies that at any time it was negligent

with regard to any advice or service.  Marshall Nelson is without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, denies same and places Plaintiff to its strict proof thereof.

4.     Admits that the North Star Foods facility sustained fire damage, but states that Marshall Nelson is without sufficient knowledge or information to admit or deny the balance of the allegations contained in Paragraph 3 and places Plaintiff to its strict proof thereof.

5.     Upon information and belief Marshall Nelson admits the allegations contained in Paragraph 4 that North Star Foods was a corporation organized and existing under the laws of the State of Minnesota and having its principal place of business at 138 West Circle Drive, St. Charles, MN 55972.

6.     Admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

7.     Upon information and belief admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

8.     Admit the allegations contained in Paragraph 7 to the extent that Winona County provides one available option where venue is appropriate.

9.     Marshall Nelson is without sufficient knowledge or information to admit the allegations contained in Paragraph 8 of Plaintiff's Complaint, and, therefore, denies same and places Plaintiff to its strict proof thereof.

10.     Admit the allegations contained in Paragraph 9 to the extent that Marshall Nelson are aware that the North Star Foods processing facility in St. Charles, Minnesota contained a highlighter oven.  Marshall Nelson is without sufficient knowledge or

information to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 9 of Plaintiff's Complaint and, therefore, places Plaintiff to its strict proof thereof.

11.   Admit that North Star Foods complained of problems with the experimental radiant heat burners and admit that Marshall Nelson have expertise in process heating and control engineering.

12.   Admit that Marshall Nelson assisted North Star in the selection of the ribbon burner to replace the previous heat burner, and admit that North Star installed the equipment itself.

13.   Admit that Marshall Nelson assisted North Star Foods in the selection of a burner manufactured by Flynn Burners.

14.   Admit that Marshall Nelson and Flynn representative's visited the North Star Facility, visited the checker room and assisted in the selection of the Flynn burners.

15.   Admit that North Star purchased and installed Flynn Burners approximately 2 months before the fire.

16.   Admit that Marshall Nelson was in contact with North Star regarding the Flynn burners after installation and performed certain adjustments.  Further admit that due to North Star's employees' misdjustment with gas settings, North Star experienced flame consistency problems.  Marshall Nelson denies the balance of the allegations in Paragraph 15 of Plaintiff's complaint.

17.   Admit that on April 17, 2009, a Marshall Nelson technician  visited  North Star to correct North Star employees' misdjustments to gas settings which affected the flame consistency of the highlighter burners.

3

18.    Marshall Nelson is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 17 of Plaintiff's Complaint and, therefore, denies same and places Plaintiff to its strict proof thereof.

19.    Marshall Nelson alleges that it is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 18 of Plaintiff's Complaint and, therefore, denies same and placed Plaintiff to its strict proof thereof.

20.    Marshall Nelson alleges that it is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, denies same and placed Plaintiff to its strict proof thereof.

21.    As to the allegations contained in Paragraph 20 of Plaintiff's Complaint, no response is required.

22.    Denies each and every allegation contained in Paragraph 21 and denies that Marshall Nelson failed to perform work in a careful and workmanlike manner or provide adequate warning and instructions to Plaintiff and places Plaintiff to its strict proof thereof.

23.    Alleges that Marshall Nelson is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 22 of Plaintiff's Complaint and, therefore, denies same and places Plaintiff to its strict proof thereof.

24.    Avers that to the extent paragraph 23 sets forth a legal conclusion, no response is required. Marshall Nelson further avers that North Star was a sophisticated user. Marshall Nelson denies the remaining allegations contained in paragraph 23 of Plaintiff's complaint and places Plaintiff to its strict proof thereof.

25.    Denies the allegations contained in Paragraph 24 to the extent that Marshall Nelson owed or breached a duty of care or were negligent in any way and puts Plaintiff to its strict proof thereof.

26.    Alleges that Marshall Nelson is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 25 of Plaintiff's Complaint and, therefore, denies same and places Plaintiff to its strict proof thereof.

27.    Denies the allegations contained in Paragraph 26 of Plaintiff's Complaint and places Plaintiff to its strict proof thereof.

28.    As to allegations contained in Paragraph 27 of Plaintiff's Complaint, no response is required.

29.    Admit the allegations in Paragraph 28 of Plaintiff's complaint.

30.    Admits the allegation contained in Paragraph 29 of Plaintiff's Complaint to the extent that Marshall W. Nelson & Associates is in the business of process heating and control engineering which includes the sale and/or distribution of burners for commercial ovens. Further admit that Flynn Burner Corporation ("Flynn") sells and or distributes burners for commercial ovens.

31.   Admits the allegations contained in Paragraph 30 of Plaintiff's Complaint to the extent that North Star Foods purchased Flynn burners from Marshall W. Nelson & Associates and assisted North Star Foods in the selection of the burner

32.   Marshall Nelson is without specific knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 31 of Plaintiff's Complaint and, therefore, denies same and places Plaintiff to its strict proof thereof.

33.   Denies the allegations contained in Paragraph 32 of Plaintiff's Complaint and places Plaintiff to its strict proof thereof.

34.   Marshall Nelson is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 33 of Plaintiff's Complaint and, therefore, denies same and places Plaintiff to its strict proof thereof.

35.   Denies the Marshall Nelson sold North Star Foods an unreasonably dangerous product.

36.   Marshall Nelson is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 35 of Plaintiff's Complaint and, therefore, denies same and places Plaintiff to its strict proof thereof.

37.   Denies the allegations contained in Paragraph 36 of Plaintiff's Complaint and places Plaintiff to its strict proof thereof.

38.   Denies the allegations contained in Paragraph 37 of Plaintiff's Complaint and places Plaintiff to its strict proof thereof.

39.   Denies that Marshall Nelson is strictly liable to North Star Foods as alleged in Paragraph 38 of Plaintiff's Complaint and places Plaintiff to its strict proof thereof.

40.   As to the allegations contained in Paragraph 39 of Plaintiff's Complaint, no response is required.

41.   Admits the allegations contained in Paragraph 40 of Plaintiff's Complaint to the extent that Marshall W. Nelson & Associates sells Flynn burners such as the kind purchased by North Star Foods two months before the fire.

42.   Admit the allegations contained in Paragraph 41 to the extent that Marshall Nelson and Flynn representatives visited the North Star Foods facility with regard to North Star Foods' inquiry as to the purchasing of new burners.

43.   Admit that Marshall Nelson and Flynn Assisted North Star in the selection of the Flynn burners.

44.   Marshall Nelson is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraphs 43 and 44 of Plaintiff's Complaint and, therefore, denies same and places Plaintiff to its strict proof thereof.   Marshall Nelson avers that no response is required to the extent that Paragraph 44 of Plaintiff's complaint states a legal conclusion.

45.   Denies the allegations contained in Paragraph 45 of Plaintiff's Complaint to the extent that Marshall Nelson created any express warranty and places Plaintiff to its strict proof thereof.

46.   Marshall Nelson is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 46 of

Plaintiff's Complaint and, therefore, denies same and places Plaintiff to its strict proof thereof.

45.     Denies that Marshall Nelson breached any express warranty to North Star Foods as alleged in Paragraph 47 of Plaintiff's Complaint and places Plaintiff to its strict proof thereof.

46.     Denies that North Star complied with statutory notice requirements as set forth in Minn. Stat. § 604.04.

47.     Denies the allegations contained in Paragraph 49 of Plaintiff's Complaint and places Plaintiff to its strict proof thereof.

48.     As to the allegations contained in Paragraph 50 of Plaintiff's Complaint, no response is required.

49.     Marshall Nelson admits that it knew the Flynn burners would be used in the highlighter oven.  Marshall Nelson denies that it selected the burner for North Star, a sophisticated user.

50.     Marshall Nelson is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 52 of Plaintiff's Complaint and, therefore, denies same and places Plaintiff to its strict proof thereof.  Marshall Nelson avers that North Star Foods exercised its own judgment and expertise in the selection of the burners.

51.     Denies that an implied warranty of fitness for a particular purpose was created.

52.     Denies that it committed any acts or omissions as alleged in Paragraph 54 of Plaintiff's Complaint that would have given rise to any breach of warranty claim.

53.     Denies that North Star complied with statutory notice requirements as set forth in Minn. Stat. § 604.04.

54.     Denies the allegations in Paragraph 56 of Plaintiff's Complaint and places Plaintiff to its strict proof thereof.

55.     As it relates to the allegations contained in Paragraph 57 of Plaintiff's Complaint, no response is required.

## AFFIRMATIVE DEFENSES

56.     Alleges that if Plaintiff sustained injury or damage as alleged in Plaintiff's Complaint, the same was caused in whole or in part by the negligence, fault, acts, omissions, or other conduct of persons or entities over whom Marshall Nelson had no control or right to control, and for whose conduct Marshall Nelson is not liable.

57.     Alleges that the claims asserted against Marshall Nelson may be barred by the principles of estoppel, waiver, consent, laches, assumption of risk, and/or lack of proper notice.

58.     Alleges that some or all of the claims asserted may be barred by failure to mitigate damages on the part of Plaintiff.

59.     Alleges that Plaintiff's claims may be barred in whole or in part by the principles of contributory fault or comparative negligence.

60.     Alleges that Plaintiff's complaints fails to state a claim upon which relief can be granted.

61.     Alleges that the claims of Plaintiff are barred because the alleged losses were caused by the intervening and/or superseding acts of third persons for whom Marshall Nelson is not responsible.

62.     Alleges that Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

63.     Alleges that the Plaintiff's claims are barred as a result of the Plaintiff's failure to properly use the burners in a manner designed and intended by the manufacturer.

64.     Alleges upon information and belief that the damages to Plaintiff, if any, were caused by acts, conditions, and circumstances of an indeterminate or unknown character or nature.

65.     By reason of the foregoing, it is impossible to determine the facts as to time, place, product, and causal relation and therefore, as a matter of law, Plaintiff's claims for relief are barred.

66.     Alleges that to the extent that any product sold by Marshall Nelson may be found to be the cause of the fire on April 17, 2009, said product was not in the same or substantially the same condition it was when said product left the control of the manufacturer.

67.     Alleges upon information and belief that at all times material hereto, the products sold by Marshall Nelson conformed to industry, governmental and environmental standards and were reasonably safe in light of Marshall Nelson's existing knowledge.

68.     Alleges upon information and belief that at all times material hereto, said products may have been abused, misused, altered or modified.

69.     Alleges that Plaintiff is a sophisticated user, and that such claims are barred as a result.

70.     Marshall Nelson acted with due care, in good faith, in a reasonable manner and consistently with the usual standard of care for similarly situated individuals under circumstances similar to those alleged in the complaint.

71.     The alleged damages or loss complained of herein, if any, were not the result of any human intervention or omission, but were the direct and proximate result of irresistible forces of nature, natural deterioration, wear and tear and other natural forces which could not have been reasonably anticipated by Marshall Nelson; could not have been prevented by Marshall Nelson by the exercise of reasonable prudence, diligence, or care; and which occurred without the fault or liability of Marshall Nelson.

72.     Alleges that Plaintiff's strict liability claim against Marshall Nelson is barred by Minn. Stat. § 544.41 or any other applicable statutory provision.

73.     Alleges that Plaintiff's warranty claim is barred by Minn. Stat. § 604.04 for failure to provide timely notice to Marshall Nelson of their warranty claim.

74.     Alleges that Plaintiff's claims are barred, in whole or in part by Minn. Stat § 336.2-316 or other limitation as forth in the Minnesota Uniform Commercial Code

75.     Alleges that Plaintiff is not the real or proper party in interest.

76.     Alleges that Plaintiff's claims are barred by any or all of the affirmative defenses contemplated by Rule 8.03 of the Minnesota Rules of Civil Procedure.  The extent to which Plaintiff's claims may be barred by one or more said affirmative defenses not specifically set forth above cannot be determined until there has been further discovery.  Marshall Nelson therefore incorporates all such affirmative defenses set forth in Rule 8.03.

**TRIAL BY JURY IS HEREBY DEMANDED.**

WHEREFORE, answering Defendant prays that Plaintiff take nothing by its Complaint, that the same be dismissed with prejudice, that answering Defendant recover costs and disbursements incurred herein; and for such other and further relief as the court may deem just.

Dated: June 24, 2010          **MURNANE BRANDT**

William L. Moran, #177167
Christopher M. Drake, #338527
Scott G. Williams, #349410
Attorneys for Marshall
30 East Seventh Street, Suite 3200
St. Paul, MN 55101
(651) 227–9411

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that sanctions may be imposed pursuant to Minn. Stat. § 549.211, against the attorney, law firm, or party that has violated or is responsible for the violation of Minn. Stat. § 549.211, subd. 2.

Christopher M. Drake

1097925

12