UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Northern Meat Products, Inc., f/k/a North Star Foods, Inc.,

                  Plaintiff,

vs.

Marshall W. Nelson & Associates and Flynn Burner Corporation,

                  Defendants,

and

Marshall W. Nelson & Associates,

                  Defendant and
                  Third-Party Plaintiff,

vs.

New York Blower, Salisbury Electric, and K & K Fabrication Inc.,

                  Third-Party Defendants.

Court File No.: 10-CV-02588-SRN-FLN

**MARSHALL W. NELSON & ASSOCIATES' THIRD-PARTY COMPLAINT**

---

COMES NOW, Defendant and Third-Party Plaintiff, Marshall W. Nelson & Associates ("Marshall Nelson"), in the above-captioned matter, and for its Third-Party Complaint against Third-Party Defendants, New York Blower, Salisbury Electric, and K & K Fabrication Inc. ("K & K"), alleges as follows:

## PLEADINGS

1.     Plaintiff Northern Meat Products, Inc., f/k/a North Star Foods, Inc., served a Complaint upon Marshall W. Nelson & Associates, a copy of which is attached hereto as Exhibit A.

2.     Marshall Nelson served an Amended Answer to the Complaint, a copy of which is attached hereto as Exhibit B.

3.     Flynn Burner Corporation and Marshall Nelson timely removed the above-captioned matter to the United States District Court for the District of Minnesota.  A copy of the Notice of Removal is attached hereto as Exhibit C.

4.     Marshall Nelson has expressly denied any and all liability to Plaintiff and denies that it is responsible for any of the alleged damages pled in the Complaint.

## PARTIES AND JURISDICTION

5.     At all times material hereto, North Star Foods, Inc. was a corporation organized and existing under the laws of the State of Minnesota, and had its principal place of business at 138 West Circle Drive, St. Charles, Minnesota. In December 2009, North Star Foods was subsequently acquired by Quantum Foods, LLC which, in turn, formed Northern Meat Products, Inc.

6.     At all times material hereto, Marshall Nelson has been a corporation organized and existing under the laws of the State of Wisconsin, and having a principal place of business at 4300 North Port Washington Road, Milwaukee,

Wisconsin; and an office at 4155 Old Sibley Memorial Highway, Eagan, Minnesota.

7.     At all times material hereto, Flynn Burner Corporation has been a corporation organized and existing under the laws of the State of New York, and having a principal place of business at 425 Fifth Avenue, New Rochelle, New York.

8.     At all times material hereto, New York Blower has been a corporation organized and existing under the laws of the State of Illinois, and having a principal place of business at 7660 Quincy Street, Willowbrook, Illinois.

9.     At all times material hereto, Salisbury Electric has been a corporation organized and existing under the laws of the State of Minnesota, and having a principal place of business at 32337 Juniper Road, Chatfield, Minnesota.

10.    At all times material hereto, K & K has been a corporation organized and existing under the laws of the State of Minnesota, and having a principal place of business at 25702 870th Avenue, Austin, Minnesota.

11.    Jurisdiction in this Court is properly conferred with respect to the allegations set forth herein under 28 U.S.C. § 1332 regarding civil actions based upon diversity of citizenship where the matter in controversy exceeds the sum of Seventy-Five Thousand and No/100 ($75,000.00) Dollars.

3

## FACTUAL BACKGROUND

12.    New York Blower provided exhaust fans for Plaintiff's ovens and other ventilation needs.  New York Blower supplied the exhaust fan for use in the stack above the highlighter oven and for other vent stacks above the checker room.

13.    Lyle Lawrenz, Facility Manager for North Star Foods, testified in his deposition that North Star Foods previously experienced a fire in connection with a blower supplied by New York Blower and Travis Young, an independent contractor working under Lyle Lawrenz, testified that he saw smoke and ultimately flames coming from inside a New York Blower product located on the roof above the checker room.

14.    Upon information and belief, Salisbury Electric performed electrical wiring necessary for the operation of the equipment in the checker room where the highlighter oven was located.

15.    Salisbury Electric was responsible for wiring and installing a high limit switch for the highlighter oven as well as other electrical materials in and above the checker room.

16.    Lyle Lawrenz, Facility Manager for North Star Foods, testified in his deposition that Salisbury Electric was at the North Star Foods Facility after the installation of the Flynn Burners to remove and re-install electrical wiring in the checker room in connection with North Star Foods' replacement of the ceiling in the checker room.

17.   K & K designed and fabricated an insulated hood for use in connection with the highlighter oven located in the checker room. It is claimed that the fire started in the space between the ceiling and roof above the checker room.

## CONTRIBUTION AND INDEMNITY

18.   Marshall Nelson expressly denies liability for any damages to Plaintiff.

19.   If Plaintiff has suffered any damages as alleged in the Complaint or otherwise, to the extent such damage was not caused by Plaintiff, such damage was caused by the (a) negligence, (b) strict liability, and (c) breach of implied warranty or other fault of New York Blower, Salisbury Electric, and/or K & K, in providing products and services to North Star Foods.

## A.   NEGLIGENCE

20.   New York Blower owed North Star Foods a duty to act with reasonable care.  This included a duty to perform work in a workmanlike manner and to provide adequate warnings and instructions to those who bought its products and used them as intended or in a way that New York Blower could have reasonably anticipated.

21.   New York Blower breached its duty and was negligent in providing and recommending a particular exhaust blower for use by North Star Foods in the high temperature stack above the highlighter oven.

22.    Salisbury Electric owed North Star Foods a duty to act with reasonable care.  This included a duty to perform work in a workmanlike manner and to provide electrical services including, but not limited to, the wiring and installation of a high limit switch in the stack above the highlighter oven.

23.    Salisbury Electric breached its duty and was negligent in failing to properly install the high limit switch in the stack above the highlighter oven and to observe electrical code requirements for the electrical work performed in the checker room.

24.    K & K owed North Star Foods a duty to act with reasonable care. This included a duty to perform work in a workmanlike manner and to provide adequate warnings and instructions to those who bought its products and used them as intended or in a way that K & K could have reasonably anticipated.

25.    K & K breached its duty and was negligent in providing and manufacturing the insulated hood to be used in connection with the highlighter oven, and by not advising North Star Foods relative to fire code requirements for the installation of the hood and related components.

26.    In the event North Star Foods suffered damages, the damages were a direct and proximate result of the negligence of New York Blower, Salisbury Electric and/or K & K.

27.    If Marshall Nelson is found liable to Plaintiff for any amount of damages, or otherwise called upon by way of settlement, verdict, judgment, or compromise to make payment to Plaintiff, Marshall Nelson is entitled to

contribution and/or indemnity from New York Blower, Salisbury Electric, and/or K & K for any amounts that may be awarded to Plaintiff upon the Complaint, or otherwise, in this proceeding.

**B.**   **STRICT LIABILITY**

28.   Marshall W. Nelson and Associates realleges paragraphs 1-27 above as if set forth fully herein.

29.   New York Blower is in the business of manufacturing, selling and or distributing exhaust fans and blowers for use in connection with commercial ovens.

30.   North Star Foods purchased an exhaust blower from New York Blower for use in the high temperature stack above the highlighter oven upon the advice and recommendation of New York Blower.

31.   Upon information and belief, New York Blower knew the condition of the blower and the risks involved in that condition at the time the blower was manufactured and sold.

32.   The blower purchased by North Star Foods was expected to, and did, reach North Star Foods without substantial change in its condition.

33.   New York Blower has a duty to refrain from designing and selling blowers that are unreasonably dangerous to users when either used as intended or in a manner that New York Blower could have reasonably anticipated.

34.   New York Blower breached its duty.

35.   New York Blower's sale of its exhaust blower for use in the high temperature stack above the highlighter oven was a direct and proximate cause of the fire at the North Star Foods facility in St. Charles, Minnesota.

36.   New York Blower is strictly liable to North Star Foods.

37.   K & K is in the business of manufacturing, selling and or distributing insulated commercial oven hoods for use in connection with commercial ovens.

38.   North Star Foods purchased an insulated hood from K & K for use in connection with the highlighter oven located in the checker room of the North Star Foods Facility in St. Charles, Minnesota.

39.   Upon information and belief, K & K knew the condition of the insulated hood and the risks involved in that condition at the time the insulated hood was manufactured and sold.

40.   The insulated hood purchased by North Star Foods was expected to, and did, reach North Star Foods without substantial change in its condition.

41.   K & K has a duty to refrain from designing and selling insulated hoods that are unreasonably dangerous to users when either used as intended or in a manner that K & K could have reasonably anticipated.

42.   K & K breached its duty.

43.   K & K's sale of its insulated hood was a direct and proximate cause of the fire at the North Star Foods facility in St. Charles, Minnesota.

44.   K & K is strictly liable to North Star Foods.

45.    If Marshall Nelson is found liable to Plaintiff for any amount of damages, or otherwise called upon by way of settlement, verdict, judgment, or compromise to make payment to Plaintiff, Marshall Nelson is entitled to contribution and/or indemnity from New York Blower and/or K & K for any amounts which may be awarded to Plaintiff upon the Complaint, or otherwise, in this proceeding.

**C.    BREACH OF IMPLIED WARRANTY**

46.    Marshall W. Nelson realleges paragraphs 1-45 above as if set forth fully herein.

47.    New York Blower had reason to know, at the time of contracting, the particular purpose for which North Star Foods required the exhaust blower and that North Star Foods was relying on New York Blower to select and furnish a suitable exhaust blower to be used in connection with the high temperature stack over the highlighter oven.

48.    Upon information and belief, North Star Foods did, in fact, rely upon the skill, judgment and recommendation of New York Blower when deciding to purchase the exhaust blower.

49.    Implied warranties of fitness for a particular purpose and merchantability existed as a matter of law.

50.    Through the acts and omissions described above, New York Blower breached those warranties.

51.   K & K had reason to know, at the time of contracting, the particular purpose for which North Star Foods required the insulated hood and that North Star Foods was relying on K & K to select and furnish a suitable insulated hood to be used in connection with the highlighter oven.

52. Upon information and belief, North Star Foods did, in fact, rely upon the skill, judgment and recommendation of K & K when deciding to purchase the insulated hood for the highlighter oven.

52.   Implied warranties of fitness for a particular purpose and merchantability existed as a matter of law.

53.   Through the acts and omissions described above, K & K breached that warranty.

54.   If Marshall Nelson is found liable to Plaintiff for any amount of damages, or otherwise called upon by way of settlement, verdict, judgment, or compromise to make payment to Plaintiff, Marshall Nelson is entitled to contribution and/or indemnity from New York Blower, and/or K & K for any amounts which may be awarded to Plaintiff upon the Complaint, or otherwise, in this proceeding.

**WHEREFORE,** In the event that Marshall W. Nelson & Associates is found liable to Plaintiff for any damages, Marshall Nelson respectfully demands judgment for contribution and/or indemnity against New York Blower, Salisbury Electric, and/or K & K for all sums that may be adjudged against Marshall Nelson in favor of Plaintiff, together with interest, costs, disbursements, and such other

and further relief as the Court may deem just and equitable under the circumstances.

**TRIAL BY JURY IS HEREBY DEMANDED.**

**MURNANE BRANDT**

Dated: March __3__, 2011

William L. Moran, #177167
Christopher M. Drake, #338527
Attorneys for Defendant Marshall W.
Nelson & Associates
30 East Seventh Street, Suite 3200
St. Paul, MN 55101
(651) 227-9411

1198999