**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION**

| | |
|---|---|
| Northern Meat Products, Inc., f/k/a North Star Foods, Inc., | Court File: 10 –CV-02588 (SRN/FLN*)* |
| *Plaintiff,* | |
| -vs- | |
| Marshall W. Nelson & Associates and Flynn Burner Corporation, | **THIRD PARTY DEFENDANT NEW YORK BLOWER COMPANY'S MEMORANDUM IN SUPPORT OF RULE 12 MOTIONS FOR DISMISSAL** |
| *Defendants,* and | |
| Marshall W. Nelson & Associates, | |
| *Defendant and Third Party Plaintiff,* | |
| -vs- | |
| New York Blower, Salisbury Electric, and K&K Fabrication, Inc. | |
| *Third Party Defendants*, | |

To:   Third Party Plaintiff Marshall Nelson and Associates and Third party Defendant K&K Fabrication, Inc. and their respective attorneys of record:

**INTRODUCTION**

Plaintiff commenced this action against defendants Marshall Nelson & Associates ("Nelson") and Flynn Burner Corporation ("Flynn") in state district court. The Complaint included the following causes of action:

- Negligence (Flynn and Nelson)

- Strict Liability (Flynn)

- Breach of Express Warranty (Flynn and Nelson)
- Breach of Implied Warranty (Flynn and Nelson)

Flynn removed the matter to federal court on June 23, 2011. After removal, Nelson served and filed a third party complaint (Docket No. 024) against New York Blower, Salisbury Electric ("Salisbury"), and K&K Fabrication, Inc. ("K&K"). The third party complaint included the following causes of action:

- Negligence (New York Blower, Salisbury, and K&K)
- Strict Liability (New York Blower and K&K)
- Breach of Implied Warranty (New York Blower and K&K )

When K&K answered Nelson's third party complaint, it also included a crossclaim against New York Blower, as well as Flynn, Nelson, and Salisbury. (Docket No. 026). Neither plaintiff, defendant Flynn, nor third party defendant Salisbury has asserted any claims against New York Blower. New York Blower's answer to Nelson's third party complaint (Docket No. 027) included the defense that Nelson's third party complaint failed to state a claim upon which relief can be granted.

New York Blower brings the instant motion to dismiss Nelson's third party complaint and K&K's crossclaim pursuant to Fed. R. Civ. P. 12(b)(6), because both pleadings fail to set out "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' ", as required by *Ashcroft v. Iqbal,* --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

# FACTS

W]hen analyzing a motion to dismiss, the Court presumes all facts alleged in the complaint to be true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232-33 (1984). Because the factual allegations in Nelson's third party complaint against New York Blower are so limited, they are set forth below in full. In the "Factual Background" section (paragraphs 12 - 17), Nelson alleges the following as to New York Blower:

> 12. New York Blower provided exhaust fans for Plaintiffs ovens and other ventilation needs. New York Blower supplied the exhaust fan for use in the stack above the highlighter oven and for other vent stacks above the checker room.
>
> 13. Lyle Lawrenz, Facility Manager for North Star Foods, testified in his deposition that North Star Foods previously experienced a fire in connection with a blower supplied by New York Blower and Travis Young, an independent contractor working under Lyle Lawrenz, testified that he saw smoke and ultimately flames coming from inside a New York Blower product located on the roof above the checker room.[1]

In the Negligence count (paragraphs 20- 27), Nelson alleges the following as to New York Blower:

> 20. New York Blower owed North Star Foods a duty to act with reasonable care. This included a duty to perform work in a workmanlike manner and to provide adequate warnings and instructions to those who bought its products and used them as intended or in a way that New York Blower could have reasonably anticipated.
> 21. New York Blower breached its duty and was negligent in providing and recommending a particular exhaust blower for use by North Star Foods in the high temperature stack above the highlighter oven.

---

1. Though not specifically pertinent to this motion, Nelson misrepresents Lawrenz's deposition testimony; he testified that he did not know who manufactured the fan / blower involved in the prior fire. (Lawrenz Dep. at 71-73, Feb. 8, 2011).

The Strict Liability count (paragraphs 28-45) of the third party complaint alleges the following as to New York Blower:

> 29. New York Blower is in the business of manufacturing, selling and or distributing exhaust fans and blowers for use in connection with commercial ovens.
>
> 30. North Star Foods purchased an exhaust blower from New York Blower for use in the high temperature stack above the highlighter oven upon the advice and recommendation of New York Blower.
>
> 31. Upon information and belief, New York Blower knew the condition of the blower and the risks involved in that condition at the time the blower was manufactured and sold.
>
> 32. The blower purchased by North Star Foods was expected to, and did, reach North Star Foods without substantial change in its condition.
>
> 33. New York Blower has a duty to refrain from designing and selling blowers that are unreasonably dangerous to users when either used as intended or in a manner that New York Blower could have reasonably anticipated.
>
> 34. New York Blower breached its duty.

Finally, Nelson alleges the following as to New York Blower in the Breach of Implied Warranty count (paragraphs 46- 54) of the third party complaint:

> 47. New York Blower had reason to know, at the time of contracting, the particular purpose for which North Star Foods required the exhaust blower and that North Star Foods was relying on New York Blower to select and furnish a suitable exhaust blower to be used in connection with the high temperature stack over the highlighter oven.
>
> 48. Upon information and belief, North Star Foods did, in fact, rely upon the skill, judgment and recommendation of New York Blower when deciding to purchase the exhaust blower.
>
> 49. Implied warranties of fitness for a particular purpose and merchantability existed as a matter of law.

4

50.     Through the acts and omissions described above, New York Blower breached those warranties.

K&K's crossclaim (Docket No. 026, paragraphs 32-33) does not include any factual allegations, but asserts only that it "is entitled to judgment by way of indemnity and/or contribution from Defendants Marshall W. Nelson & Associates and Flynn Burner Corporation and Third-Party Defendants New York Blower and Salisbury Electric."[2]

## LEGAL STANDARD - FAILURE TO STATE A CLAIM

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, - (1974). When analyzing a motion to dismiss, the Court presumes all facts alleged in the complaint to be true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232-33, (1984). Dismissal of the complaint is warranted if plaintiffs have not pleaded enough facts to "state a claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009); *Twombly*, 550 U.S. at 570. A claim is plausible when sufficient "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard, until recently, more readily allowed plaintiffs to make conclusory allegations and potentially survive a motion to dismiss. That standard was recently altered by the United States Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

---

2. K&K incorporates paragraphs 1--32 of its answer into its crossclaim, but none of those paragraphs include any affirmative factual allegations as to New York Blower.

5

In *Iqbal*, the Court held that " 'naked assertion[s]' devoid of 'further factual enhancement' " will not allow a plaintiff to state a claim. *Id*. at 1949. More clearly stated, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id*. at 1950, citing Fed. R. Civ. P. 8(a)(2). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 555). Further, if a more likely explanation is possible, the claim will fail to plausibly establish its purpose. *Id.* at 1951. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 1950.

Also, "[t]he Court of Appeals and several district courts have noted that the pleading standards set forth in *Twombly* and *Iqbal* apply with equal force to crossclaims, counterclaims and third party complaints." *TES Franchising, LLC v. J. Eric Dombach*, 2010 WL 5023249 (E.D. Pa. Dec. 9, 2010) (citing *SEPTA v. AECOM, USA, Inc.*, No. 10-117(E.D. Pa. Nov. 18, 2010) (citing *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 256 n.13 (3d Cir. 2010) (applying the *Iqbal* pleading standard to crossclaims); *Rocheux Intern. of N.J., Inc. v. U.S. Merch. Fin. Gr., Inc.*, 2010 WL 3833733, at *6 (D.N.J. Sep. 29, 2010) (noting that *Iqbal* and *Twombly* apply to counterclaims); *Simon Prop. Gr., Inc. v. Palombaro*, 682 F.Supp.2d 508, 511 (W.D. Pa. 2010) (same); *Miami Valley Fair Housing Ctr. v. Steiner & Assocs., Inc.*, No. 08-00150, 2010 WL 2631110, at *7 (May 13, 2010) (applying *Twombly* and *Iqbal* to third party complaint); *Colon v.*

*Blades*, 268 F.R.D. 143, 2010 WL 1731666, at *2 (D.P.R. Apr. 29, 2010) (same); *Mottley v. Maxim Crane Works, L.P.*, No. 06-78, 2010 WL 1284433, at *2 (D.V.I. Mar. 26, 2010) (same); *Source One Global Partners, LLC v. KGK Synergize, Inc.*, No. 08-7403, 2009 WL 2192791, at *2 (N.D. Ill. July 21, 2009) (same))); *see also Metlife Ins. Co. v. Petracek*, 2010 WL 2130966 (D. Minn. May 24, 2010) (dismissing defendants' counterclaim and third party complaint on the pleadings). Thus, both Nelson's third party complaint and K&K's crossclaim against New York Blower are subject to the pleading standards set forth in *Iqbal* and *Twombly*. That is, the pleadings must set forth enough facts to state a claim for relief that is plausible on its face.

## SUBSTANTIVE LAW

**Negligence**

To recover under the theory of negligence, Minnesota law requires that the Plaintiff establish that a duty of care exists, there was a breach of that duty, an injury was sustained and the breach of duty was the proximate cause of the injury. *Lubbers v. Anderson*, 539 N.W.2d 398, 401 (Minn. 1995).

**Strict Liability**

"To recover for strict liability under Minnesota products liability law, 'the plaintiff must establish (1) that the defendant's product was in a defective condition unreasonably dangerous for its intended use, (2) that the defect existed when the product left the defendant's control, and (3) that the defect was the proximate cause of the injury sustained.' " *Forslund v. Stryker Corp.*, 2010 WL 3905854, at *2 (D. Minn. Sept. 30, 2010) (citing *Bilotta v. Kelly Co., Inc.*, 346 N.W.2d 616, 623 n.3 (Minn. 1984)).

"Minnesota merges negligence and strict liability claims into a single products liability theory, which employs a reasonable-care balancing test to determine whether a product is defective." *Id.* (citing *Thompson v. Hirano Tecseed Co., Ltd.*, 456 F.3d 805, 809 (8th Cir. 2006). "To determine whether a product is unreasonably dangerous in its design, the Court balances 'the likelihood of harm, and the gravity of harm if it happens, against the burden of the precaution which would be effective to avoid the harm.' " *Id.* (citing *Bilotta*, 346 N.W.2d at 621).

**Breach of Implied Warranty of Merchantability & Fitness for a Particular Purpose**

Under Minnesota Statute § 336.2-314, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." MINN. STAT. ANN. § 336.2-314 (West 2011). "The implied warranty of merchantability assures that a product is 'fit for the ordinary purposes for which such goods are used.' " *Forslund*, 2010 WL 3905854, at *7 (citing MINN. STAT. ANN. § 336.2-314(2)(c) (West 2011)). To recover under an implied warranty of merchantability, a plaintiff must prove the existence of a warranty, a breach, and a causal link between the breach and the alleged harm. *Masepohl v. Am. Tobacco Co., Inc.*, 974 F. Supp. 1245, 1253 (D. Minn. 1997).

**ARGUMENT**

I.  **MARSHALL NELSON'S THIRD PARTY COMPLAINT AGAINST NEW YORK BLOWER SHOULD BE DISMISSED FOR FAILING TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM FOR RELIEF THAT IS PLAUSIBLE ON ITS FACE**.

The Federal District Court (Minnesota) has applied the pleading standards set forth in *Iqbal* and *Twombly* to products liability cases. *See Forslund*, 2010 WL 3905854, at *1 (applying the plausibility standard to Plaintiffs' six claims, including strict liability, negligence and breach of implied warranty of merchantability).

Each of the counts in third party complaint fails to state a claim upon which relief may be granted, because the factual allegations are, at best, nothing more than "naked assertions devoid of further factual enhancement." *See Iqbal*, 129 S. Ct. at 1949. And while third party plaintiff Nelson makes some conclusory statements alleging that New York Blower breached its duties of care and implied warranty of merchantability and fitness for a particular purpose, it fails to offer sufficient underlying facts such that a court can conclude that Nelson has a reasonable expectation of recovery against New York Blower. *See Twombly, 550 U.S. at 556; Iqbal*, 129 S. Ct. at 1949-50. Among other factual shortfalls, Nelson fails to allege, much less identify, a defect in a product supplied by New York Blower. Nor does Nelson describe how the unnamed defect allegedly caused the subject fire. For the reasons more specifically laid out below with regard to each count, this court should dismiss the third party complaint against New York Blower in its entirety.

And, since K&K's crossclaim adds no facts to supplement Nelson's allegations, its crossclaim should likewise be dismissed.

> **I(A)     Nelson's Negligence cause of action is insufficiently pleaded, because it fails to identify how New York Blower breached its duty of care and how that breach is causally linked to the fire at the North Star Foods facility.**

Nelson's negligence count, alleges that New York Blower "owed North Star Foods a duty to act with reasonable care," which included a duty to "perform work in a workmanlike manner and to provide adequate warnings and instructions to those who bought its products and used them as intended or in a way that New York Blower could have reasonably anticipated." (Docket No. 024 at ¶ 20).  Nelson then merely alleges that New York Blower breached its duty and was negligent in providing the equipment. *Id.* at ¶ 21.

Here, the factual allegations do not allow the Court to infer more than mere possibility of misconduct, which falls short of the plausibility standard required by *Iqbal*. At best, third party plaintiff Nelson simply purported that New York Blower sold equipment to North Star Foods and in doing so, New York Blower implicated a duty of care.  Missing from the allegations are any facts as to how New York Blower breached its duty of care with regard to the sale of the equipment.  Nelson fails to state any facts regarding how New York Blower failed to perform work in a workmanlike manner. Moreover, Nelson does not allege any facts which show how the warnings or instructions were inadequate.  Further, there are no factual allegations which tie the alleged breach of the duty of care directly to the harm suffered by Plaintiffs.  Nelson does nothing more than recite the elements of negligence cause of action coupled with mere conclusory statements that New York Blower breached its duty.  At most, the allegations suggest a

10

possibility that New York Blower may be negligent, but they do not set forth enough facts to state a claim for relief that is plausible on its face.  Under the standard set forth in *Iqbal*, this type of pleading is insufficient. *See* 129 S.Ct. at 1949.

> ### I(B) Nelson's Strict Liability Cause of Action is insufficiently pleaded, because it fails to allege how New York Blower breached its duty to refrain from selling unreasonably dangerous blowers, and it fails to causally link a breach of duty to the fire at the North Star Foods facility.

Nelson's strict liability count alleges that New York Blower had a "duty to refrain from designing and selling blowers that are unreasonably dangerous to users when either used as intended or in manner that New York Blower could have reasonably anticipated." (Docket No. 24 at ¶ 33).  Further, Nelson alleges that New York Blower breached its duty, and that the sale of the equipment to North Star Foods was a "direct and proximate cause" of the fire at the North Star Foods facility.  *Id.* at ¶¶ 34-35.  Lastly, Nelson alleges that New York Blower is strictly liable to North Star Foods.  *Id.* at ¶ 36.

Again, third party plaintiff Nelson recites only the cause of action and its elements.  Missing most significantly from the third party complaint are any factual allegations as to the nature of the claimed defect; not a single fact is set forth on this element.  Moreover, Nelson fails to state facts which portray how the purported but unidentified defect was a direct and proximate cause of the fire at the North Star Foods facility.  Third party plaintiff Nelson merely states the elements of a strict liability cause of action followed by conclusory statements that New York Blower breached its duty and the equipment was the direct and proximate cause of the fire.  The third party complaint does not allege sufficient facts to plead a plausible claim for strict liability under

11

Minnesota law. Under *Iqbal*, this pleading is insufficient, because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S. Ct. at 1949.

> **I(C) Nelson's Breach of Implied Warranty of Merchantability & Fitness for a Particular Purpose Cause of Action is insufficiently pleaded, because it fails to state how the blower was not unfit for the ordinary purposes for which it was to be used and that there was causal link between New York Blower's recommendation and the fire at the North Star Foods facility.**

Nelson alleges in its breach of implied warranty of merchantability count that:

- New York Blower had reason to know the particular purpose for which North Star Foods required the exhaust blower and that North Star Foods was relying on New York Blower to select and furnish a suitable blower for the high temperature stack. (¶ 47).

- North Star relied on New York Blower when deciding to purchase the exhaust blower. (¶ 48).

- Implied warranties of fitness for a particular purpose and merchantability existed as a matter of law and New York Blower breached them. (¶¶ 49-50).

The allegations fail to set forth a single fact as to how the equipment supplied by New York Blower was not fit for the ordinary purpose for which it was to be used-for purposes of the "merchantability" warranty. In fact, the third party complaint fails to even identify the New York Blower equipment for which the warranty is claimed. Instead, Nelson merely makes conclusory statements that do little more than recite the elements of the cause of action.

Nelson does not allege any facts regarding how New York Blower knew or had reason to know that it was being relied upon or how North Star Foods actually relied

12

upon New York Blower. These are merely naked assertions which lack any factual backing as to how New York Blower breached its duty. Finally, Nelson fails to allege any facts which provide any causal link between the alleged breach and the fire at the North Star Foods facility. Instead Nelson offers only the conclusory statement that New York Blower breached the warranty. This count of the third party complaint completely fails to set forth "enough facts to state a claim for relief that is plausible on its face." Under the standard set forth in *Iqbal*, this count is insufficient and should be dismissed. *See* 129 S.Ct. at 1949.

### I(D) K&K's Crossclaim should be dismissed for failure to state a claim, because it fails to allege any specific cause(s) of action on which it is entitled to relief.

In its crossclaim, K&K merely states that any damage to North Star Foods was "due to or caused by" New York Blower, along with the other Defendants and Third-Party Defendants. (Docket No. 026 at ¶¶ 32-33). Under *Iqbal*, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' " 129 S. Ct. at 1949. K&K failed to state any cause(s) of action under which is it entitled to relief. Further, it has failed to make any substantive allegations which include sufficient factual allegations. Thus, the pleading is merely a conclusory statement that does not state a claim to relief that is plausible on its face, and it fails to satisfy the standards set forth by *Iqbal* and *Twombly*.

## CONCLUSION

For the reasons set forth above, Third Party Defendant New York Blower asks this court to dismiss Marshall Nelson's Third Party Complaint against New York Blower Company and K&K Fabrication's crossclaim against New York Blower.

FOLEY & MANSFIELD, P.L.L.P.

Dated: June 21, 2011            By:   s/ Michael W. Haag
                                      Michael W. Haag (#39007)
                                      250 Marquette Avenue, Suite 1200
                                      Minneapolis, MN 55401
                                      (612) 338-8788
                                      mhaag@foleymansfield.com

                                ATTORNEYS FOR THIRD PARTY
                                        DEFENDANT
                                    NEW YORK BLOWER