# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

CIVIL NO. 10-CV-2588 (SRN/TNL)

NORTHERN MEAT PRODUCTS, INC.,

PLAINTIFF,

v.

MARSHALL W. NELSON & ASSOCIATES,
AND FLYNN BURNER CORPORATION, ET AL.,

DEFENDANTS.

**AMENDED
ORDER FOR
SETTLEMENT CONFERENCE**

---

TO:   John W. Ursu, Robert J. Gilbertson, Samuel J. Clark and Sybil L. Dunlop, Greene Espel PLLP, 200 South 6th Street, Suite 1200, Minneapolis, MN 55402-1415 for Northern Meat Products, Inc.;

Christopher M. Drake, Michael P. Tierney, Scott G. Williams and William L. Moran, Murnane Brandt, PA, 30 East 7th Street, Suite 3200, St Paul, MN 55101 for Marshall W. Nelson & Associates;

John E. Radmer, Joshua A. Iverson, Lenae M. Pederson and Michael D. Hutchens, Meagher & Geer, PLLP, 33 South 6th Street, Suite 4400, Minneapolis, MN 55402 for Flynn Burner Corporation;

Jason T. Mohr and Michael W. Haag, Foley & Mansfield, PLLP, 250 Marquette Avenue, Suite 1200, Minneapolis, MN 55401 for New York Blower;

Daniel M. Gallatin and Mark A. Fonken, Jardine, Logan & O'Brien, PLLP, 8519 Eagle Point Blvd, Suite 100, Lake Elmo, MN 55042 for Salisbury Electric;

Brian A. Wood and Eric J. Steinhoff, Lind Jensen Sullivan & Peterson, PA, 150 South 5th Street, Suite 1700, Minneapolis, MN 55402 for K&K Fabrication, Inc.

1.      A settlement conference shall be held on **Thursday, October 6, 2011 at 9:00 a.m.,** in Chambers 342, United States Courthouse, 316 North Robert Street, St. Paul, Minnesota, before the undersigned United States Magistrate Judge.

2.      All participants shall plan on spending the entire day and evening, if necessary, at this settlement conference.

3.      Counsel who <u>will actually try the case</u> and <u>each party, armed with full settlement authority</u>, shall be present.  This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference.  If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied.  If individuals are parties to this case, they must be present.  If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present.  If an insurance company is involved on behalf of any party, a representative of the insurer with full and final authority to make a final decision and to pay the policy limits must also attend the settlement conference.  <u>Physical presence in the courthouse shall be mandatory</u>.  Neither electronic availability nor limited authority shall be deemed to be in compliance with this Order.

4.      The courthouse does not support any wireless or Internet access for non-courthouse personnel.  If counsel or the parties anticipate needing Internet access, they should make available to themselves the ability to connect wirelessly with the Internet. Counsel and the parties also should make all arrangements for any equipment or technology needed for editing or creating settlement documents and the like.

5.      In order to encourage the parties to address the issue of settlement on their own, counsel must meet in person with one another on or before **Thursday, September 22, 2011,** to engage in full and frank discussion of settlement.  If the case does not settle, each attorney shall

submit to the undersigned on or before **Thursday, September 29, 2011,** a confidential letter setting forth as follows:

      a.      The parties' respective settlement positions before the meeting;

      b.      The parties' respective positions following the meeting;

      c.      A concise analysis of each remaining liability issue, with citation to relevant authority;

      d.      A reasoned, itemized computation of each element of the alleged damages, and/or relief sought, with a concise summary of the testimony of each witness who will testify in support of the damage computations and/or relief sought;

      e.      A reasoned analysis of the strengths and weaknesses of their client's case; and

      f.      A reasoned analysis justifying their client's last stated settlement position, as well as any additional information believed to be helpful to the process of reaching agreement.

This letter is for settlement purposes and the Court's use only, and should not be served on opposing counsel.  Counsel shall submit their confidential settlement letter to chambers by e-mail to **leung_chambers@mnd.uscourts.gov**.

6.      All prior consistent orders remain in full force and effect.

7.      Failure to comply with any provision of this Order or any other consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to

object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of

pleadings; complete or partial dismissal with prejudice; entry of whole or partial default

judgment; and/or any other relief that the undersigned may from time to time deem appropriate.

**IT IS SO ORDERED.**


Dated:  August 9, 2011


_s/ Tony N. Leung_ _____
Tony N. Leung
United States Magistrate Judge
_10CV2588_
_Northern Meat Products v. Marshall W. Nelson et al._